By the Court,
Lane, 0. J.
The plaintiff’s right to relief in the. present case, depends upon their successfully maintaining the two following propositions, to wit, that the will of Mclntire created a ■charitable trust, which this court can enforce, and that they are *292 the lawful trustees. The first of these arises upon the plea of the-heirs; the second is presented by the demurrers and answers of the other defendants.
Wo have entered upon the examination of this case with much-solicitude ; for the great value of the property, the very talented' efforts of counsel, and the consideration that this is the first proper charity which has fallen under the action of this court, all unite to* magnify its importance. The positions taken by the heirs to show" the bequest void, are, 1. That the object of the testator’s bounty-are uncertain, and that the trustees had no capacity to take, because the *Zanesville Canal and Manufacturing Company had no-existence as a corporation at the time of making and probate of the will. 2. That its corporate powers have been so forfeited as-to terminate its existence. 3. That the bequest to the officers of the company, vests the estate in them, in that character, since they hold by an annual tenure, and are liable to be changed at each successive election.
It is admitted that such a bequest as this, would be sustained in* England. However uncertain the object, whether the person total? c be in esse or not; whether the bequest can be carried into exact execution or not; whether the general charitable intention is clearly manifested, a court of' equity will sustain the legacy, and give effect to it in some form upon principles of its own. But it is asserted by the counsel for the heirs, that this lax and wide reaching jurisdiction in charities is peculiar to England, and depends-on the statute of Elizabeth only. We would not unnecessarily enter into the much disputed and greatly perplexed inquiry of the-extent of chancery jurisdiction over charities, independent of the> statute. But one of the earliest-elements of every social community upon its lawgivers, at the dawn of its civilization, is adequate-protection to its property and institutions which subserve public uses, or are devoted to its elevation, or consecrated to its religious culture, and its sepulchres; and in a proper case, the courts of our state might be driven into the recognition of some principle analogous to that contained in the statute of Elizabeth, as a necessaiy element of our jurisprudence. 2 Story’s Eq. 389; 17 Serg. & R. 88; 9 Cow. 437. But without reference to these considerations, where a trust is plainly defined, and a trustee exists, capable ol holding the property and executing the trust, it has never been doubled that chancery has jurisdiction over it, by its own inherent *293 ■■authority, not derived from, the statute, nor resulting from its functions as parens patria.
The property devised in this case, consisted of land, personalty, .and stock in the Zanesville Manufacturing Company; the legal •ownership of this was either in Mclntire’s executor or heir. The ■condition on which the devise ever took effect, was the death of the daughter without issue. The objects of the testator’s bounty ■were the poor children of Zanesville, and the benefit intended was their education. There is no doubt that a trust attached to the property, whoever might hold it; “ for whenever a person by will ■gives property, and points out the object, the property, and the ■way it should go, a trust is created.” And a bequest of land to A. ¡to construct an asylum for aged sailors, although inefficacious to piass the legal title, sufficiently ^defines the trust, and charges the heir with its performance. 3 Pet. 119, 152; 1 Story’s Eq. 415 ; 4 Wheat, appendix. The position, therefore, taken by -the heirs in the plea, that the land descended to them on the death of the daughter, absolved from the trust, is not supported, but overruled.
The interests of the heirs are nevertheless involved in the case, for the next question arising is, whether the trusts which we have thus found to exist, shall be executed by the plaintiffs, who are .the trustees under the act of 1836, or the Zanesville Canal and Manufacturing Company, who are the trustees designed by the ••testator, or upon the heirs upon whom the law throws the duty .if there are no other trustees. In the statement and arguments made by counsel, it seems to bo assumed that the Zanesville Canal .and Manufacturing Company had no legal existence until 1316. I am not certain this conclusion is just. In 1812, a statuLe enabled Melntire and his associates to build a dam across the Muskingum, .and cut a canal around the falls. The objects expressed in the preamble are the advantages of the water-works, and the improve•ment of the navigation. It' authorizes them to acquire lands, for the purpose of making a canal, “ or the better td answer the objects of this act," and it gives the right of suit to any person injured by their neglect. The statute, therefore, imposes a common liability, and it implies the possession of common property,, and the duty of accounting for- profits. The organization of the Zanesville -■•Canal and Manufacturing Company was had in 1814, in the form of corporation. Now, the bare grant “ to hold Gildam mercatoriam ” *294 a mercantile meeting, has been taken to carry corporate power, orr account of common expenditures, 10 Co. 30; 1 Roll Ab. 513; so a. grant of land, to a town on rent, and other similar cases, Ang. &- A. on Corp. 45. So the grant to a part of an ecclesiastical society, to repair their meeting house, confers corporate powers, 2 Day Conn. 259. It might, therefore, perhaps be plausibly contended' that it was a legal existing corporation, before the date of the will, and the objection of their want of capacity to execute trusts might receive its answer, by the notification arising from the subsequent, act of the legislature.
We do not, however, intend to place our decision upon this-basis. The actual situation of the company in 1815, was that of a, corporation de facto, with officers, and a capital stock of $250,000, held in the form of shares. It was in reference to this condition, that Mclntire made a disposition of its property. We have seen that it consisted of his mansion house, lands, ^personalty and stock. It passed to the company for the purposes of this-trust, not by the death of Mclntire, but by a contingency which, happened in 1820, and after the statute of 1816, which imposed, upon them the most ample capacity for holding it. The bequest, upon this trust, can take effect upon the very common ground as-a remainder, contingent upon the death of Mclntire, because limited to a person not in being, but becoming vested by the capacity acquired by the corporation, before the determination of the particular estate, And we should be justified in taking still stronger ground by the authority of a majority of the judges in the Sailors’ Snug Harbor, 3 Pet. 99, in holding that a bequest upon charitable uses may take effect, as an executory devise, to a corporation subsequently acquiring the .capacity to hold. It is, therefore,. Without difficulty we conclude that on the decease of the daughter,, the property of Mclntire passed to the Zanesville Canal and Manufacturing Company upon these trusts.
It only remains to enquire if their right to it has been lost, either by their own neglect, or by subsequent legislation. The act of 1836 was passed upon the supposed case, that this company had become extinct. It carefully saves the right of all persons in the-property; conseqüently the company lost none of its interests, if it then had a legal existence. If the corporation has been dissolved, it is not through judicial action, but by the bare and naked effect, of the statute limiting the time for the completion of the dam and *295 canal. It must be observed, that it is not section 15 of the statute of 1816 which works this forfeiture, since the time there given is extended, in January, 1817, for one year, 15 Ohio L. 35, and in December, 1817, until December, 1818, 21 Ohio L. 53; and in 1828 ia enlarged until February 11, 1835. The last act, 26 Ohio L. 57, 5, 26,-27, instead of declaring all rights, privileges, and immunities determined, in case of failure, like the statute of 1816, only provides that the Muskingum Navigation Company maj finish the canal and hold it, until their expenditures are reimbursed. There is no forfeiture attached to the last enlarging statute, except what arises from mere lapse of time. No further legislative act works a forfeiture, except that resulting from the act of 1835, which recites that the Zanesville Canal and Manufacturing Company have lost its right to construct the work” and authorizes the canal commissioners to purchase from them. Now the modes by which a private corporation in our country is dissolved are: 1. By the death of its members. 2. Surrender of its franchises. 3. A judgment of forfeiture for non-user or abuse. But the Zanesville Canal and Manufacturing Company has continued an organized and existing body until the piresent day ; there has been no judicial act declaring a forfeiture, and the legislature, by the act of February 19, 1835, after the time of its supposed dissolution, recognized it as a person capable of contracting by authorizing a purchase from it. 33 Ohio L. L. 90. It seems, then, plain to us, that at the time of the passage of the statute of 1836, the Zanesville Canal and Manufacturing Company had not “ ceased to exist,” and that their corporate rights to execute the will of Mclntire, through their officers, according to his true meaning, was not affected nor impaired ; consequently, the incorporation of the new board of trustees was void by the terms of the act.
The suggestion that the bill may be sustained at the suit of these plaintiffs, as the representatives of cestuis que trust, can not be supported. This court would entertain a suit for mismanagement brought by the prosecuting attorney, 36 Ohio L. 35, sec, 43, or upon the relation of a party in interest; but such a proceeding would require a bill of a structure altogether different from this.
Bill dismissed.